| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY<br>STATE OF COLORADO,<br><br>Court Address:  Denver District Court<br>　　　　　　　　1437 Bannock Street<br>　　　　　　　　Denver, CO 80202 | |
| Plaintiff(s):  **MIKE BARNETT; MIKE PETERSON; RICHARD KLATASKA; JOSEPH RAYMOND; AND DANIEL ZUKOWSKER**<br><br>vs.<br><br>Defendant(s):  **PIKES PEAK COMMUNITY COLLEGE POLICE DEPARTMENT; DEPARTMENT OF PERSONNEL AND ADMINISTRATION; KATHY NESBITT, in her Official Capacity.** | ▲ COURT USE ONLY ▲<br><br>Case No.:<br><br>Courtroom: |
| *Attorneys for Plaintiff:*<br>Reid J. Elkus, #32516<br>Scott D. McLeod, #38564<br>Elkus Sisson & Rosenstein, P.C.<br>501 South Cherry Street, Suite 920<br>Denver, CO 80246<br>Phone (303) 567-7981<br>relkus@elkusandsisson.com<br>smcleod@elkusandsisson.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Mike Barnett, Mike Peterson, Richard Klataska, Joseph Raymond and Daniel Zukowker, by and through their attorneys, Elkus Sisson & Rosenstein, P.C., assert as follows:

## JURISDICTION AND VENUE

1. This Court has general jurisdiction to resolve the issues in this matter. See Article VI, Section 9(1) of the Colorado Constitution. The claims giving rise to this action are based, in part, under 29 U.S.C. §216(b), otherwise known as the Fair Labor Standards Act ("FLSA").

2. Venue is proper in the District Court for the City and County of Denver under C.R.C.P. 98(c).

## PARTIES

3. Mike Bennett is a Colorado citizen that resides within the State of Colorado.

4. Mike Peterson is a Colorado citizen that resides within the State of Colorado.

5. Richard Klataska is a Colorado citizen that resides within the State of Colorado.

6. Joseph Raymond is a Colorado citizen that resides within the State of Colorado.

7. Daniel Zukowker is a Colorado citizen that resides within the State of Colorado.

8. Pikes Peak Community College is a State agency whose principal place of business is in Colorado Springs, Colorado.

9. The Department of Personnel Administration is located at 1525 Sherman Street, Denver, Colorado 80203.

10. Kathy Nesbitt is the Executive Director for the Department of Personnel Administration. Her office is located at 1525 Sherman Street, Denver, Colorado 80203.

## GENERAL ALLEGATIONS

11. Plaintiffs hereby incorporate and makes reference to each and every allegations of paragraphs 1 through 10 of the Complaint as if set forth *in extenso*.

12. At all times relevant, the Plaintiffs worked as law enforcement officers for the Pikes Peak Community College.

13. The Plaintiffs were required to work three (3) days a week for twelve (12) hour shifts then four (4) days a week for twelve (12) hour shifts. The Plaintiffs, at a minimum, were required to work 168 hours per month based on the above schedule.

14. The Plaintiffs pay cycle was based on a twenty-eight (28) day work period.

15. The Pikes Peak Community College Police Department worked its Officers 168 hours in a 28-day work period which equates to 2184 hours a year.

16. The State of Colorado classified and budgeted the Pikes Peak Community College Officers at 2080 hours a year. Where the State of Colorado set the wages for the Plaintiffs based on 2080 hours, it required the Plaintiffs to work, at a minimum, of 2184 hours per year.

17. The Plaintiffs consistently worked the required 168 hours per twenty-eight (28) day work period; however, Pikes Peak Community College Police Department only paid the Plaintiffs for 160 hours of work.

18. In other words, where the Plaintiffs worked hours between 160 to 168 hours, Pikes Peak Community College Police Department failed to compensate the Plaintiffs for all the straight time pay of compensable work time and only paid the Plaintiffs for 160 hours of work even when they worked in excess of the required minimum hours.

19. At all times relevant, the Plaintiffs were hourly employees.

3

20. Evidence that the Plaintiffs were hourly employees is reflected in their Work and Leave Records. For instance, where Plaintiffs' work would be short of 160 hours, Pikes Peak Community College Police Department required the Plaintiffs to use compensation time (such as vacation and sick time) to get the Plaintiffs up to the required 160 hours. Should the Plaintiffs not have vacation or sick time banked, the Plaintiffs would *not* receive their full compensation. In short, the Plaintiffs' pay was subject to reduction because of variations in the quality or quantity of the work performed,

21. Of concern, Pikes Peak Community College Police Department would manipulate the Work and Leave Records of the Plaintiffs. Evidence of such manipulation occurred when the Sergeant would intentionally alter the Plaintiff's Work and Leave Records indicating that the Plaintiffs worked less hours than they actually did. Work and Leave Records were manipulated and altered months after the Plaintiffs worked the required shifts.

22. As a result of the record manipulation, and upon information and belief, where Plaintiffs worked in excess of the required 172 hours per twenty-eight (28) day work period, the Defendants failed to fully pay Plaintiffs' their overtime wages.

23. Based on the foregoing, the Plaintiffs made several complaints and filed grievances attempting to alter the conduct of Pikes Peak Community College Police Department. Such grievances and complaints were made to Pikes Peak Community College Police Department as early as December, 2012. Despite Plaintiffs' attempts to resolve the matter, Defendants advised the Plaintiffs that they will not receive any back pay for lost wages.

24. The State of Colorado's Department of Personnel & Administration ("DPA") provides centralized human resources for the State of Colorado. The DPA provides the infrastructure by which the rest of State of Colorado government operates.

25. Ms. Kathy Nesbitt is the Executive Director for the DPA. In that role, Ms. Nesbitt is responsible for the management of five (5) State of Colorado divisions: Human Resources; Central Services, Finance and Procurement; the State Controller's Office; and Administrative Courts. Ms. Nesbitt creates and administers the rules that govern the State of Colorado's 33,000 plus classified employees, as well as their compensation and benefits.

26. Regarding the Plaintiffs, as Executive Director of the DPA, Ms. Nesbitt reviewed the grievance as filed by the Plaintiffs regarding their concerns about their compensation and wages. The grievance attempted to alter the unlawful wage practices as committed by Pikes Peak Community College Police Department. On June 11, 2014, Ms. Nesbitt not only failed to reverse Pikes Peak Community College Police Department's unlawful conduct but denied the Plaintiffs a restoration of compensable pay that the Plaintiffs' clearly earned and were entitled to receive.

27. Of further concern, Plaintiff Michael Peterson was retaliated and/or discriminated against by the Defendants for actively voicing opposition to Defendant's violation under the Fair Labor Standard's Act ("FLSA"). On December 4, 2012, Plaintiff Peterson submitted a grievance to Defendant regarding the FLSA violations. Where Defendants failed to correct the FLSA violation, Plaintiff Peterson again complained to Defendants about their unlawful wage practices in April, 2014. Approximately, one (1) week after complaining the second time about the FLSA violations, on April 24, 2014, Plaintiff was advised by Chief James Barrentine that Plaintiff

Peterson was being transferred to another campus because he filed a grievance regarding the FLSA pay issue. As the time Chief Barretine transferred Plaintiff Peterson he exclaimed to the Plaintiff Peterson, "out of sight, out of mind".

28.  As a result of the transfer, Plaintiff Peterson is no longer able to word extra duty hours as an Instructor at the Pikes Peak Regional Law Enforcement Academy. Chief Barretine was aware that by transferring Plaintiff Peterson it effectively reduced his income between $5,000.00 to $8,000.00 per year.

## FIRST CLAIM FOR RELIEF
(Violation of Fair Labor Standards Act 29 U.S.C. § 201 *et seq.- all Defendants*)

29.  Plaintiffs hereby incorporate and makes reference to each and every allegations of paragraphs 1 through 28 of the Complaint as if set forth *in extenso*.

30.  Defendant has willfully violated, and is willfully violating, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, by failing to pay the Plaintiffs for all hours worked while such Plaintiffs were engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

31.  In addition, Defendant has willfully violated, and is willfully violating, the overtime compensation provisions of 29 U.S.C. § 207 by employing some or all of the named Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than the applicable maximum weekly hours established by §207 of the Fair Labor Standards Act, without timely compensating the named Plaintiffs, for the time spent working as a Deputy Sheriff at the hourly rate and wage that was agreed upon by the parties.

32.  Defendant's conduct proximately caused significant injuries, damages and losses to the Plaintiffs.

**SECOND CLAIM FOR RELIEF**
(Retaliation in violation of 29 U.S.C. § 215 – *Plaintiff Peterson against Pikes Peak Community College Police Department*)

33.     Plaintiffs hereby incorporate and makes reference to each and every allegations of paragraphs 1 through 32 of the Complaint as if set forth *in extenso*.

34.     The FLSA forbids an employer to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act, or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee.

35.     As set forth above, Plaintiff Peterson has caused to be filed and/or complained to his employer regarding Defendant's violation of the FLSA. As a consequence of Plaintiff Peterson's complaint(s), Defendant retaliated against Plaintiff Peterson by knowingly transferring him to another campus which caused Plaintiff Peterson economic loss.

36.     Plaintiff Peterson's transfer occurred within one (1) week from the date he complained about Defendant's violation of the FLSA.

37.     As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff Peterson has suffered loss, which shall be proven at trial.

**THIRD CLAIM FOR RELIEF**
(42 U.S.C. §1983 Violation of the Fourteenth Amendment – *all Defendants*)

38.     Plaintiffs hereby incorporate and makes reference to each and every allegations of paragraphs 1 through 37 of the Complaint as if set forth *in extenso*.

7

39. Plaintiffs had a constitutionally protected property and/or liberty interest arising from each term, actual or implied, of his/her employment or other contracts with the Pikes Peak Community College Police Department, as set forth in, or evidenced by, the parties' acts and words, the rules and policies of the Pikes Peak Community College Police Department, and its policies and procedures.

40. In addition, under the FLSA, an employer must pay an employee for all hours worked where such employee was engaged in commerce or in the produce of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. §201 et. seq. As such, the Plaintiffs property interest is also derived from federal law that requires an employer to compensate employees for all hours worked.

41. Defendant has violated Plaintiffs' property interest when Defendant unilaterally changed Plaintiffs' hourly wages without due process of law. Moreover, Defendant violated Plaintiffs' property interests when Defendant failed to pay Plaintiffs past compensation for services they performed.

42. At all times relevant, Defendant was acting under color of law when they engaged in the act which has deprived Plaintiffs their property interest.

43. Moreover, the Defendant engaged in an official policy, practice and/or custom in continuously denying Plaintiffs their full compensation even though the Plaintiffs worked the required hours and performed the requisite services. Such official policy, practice and/or custom was engaged by the Defendant through its chain of command

44. Defendants' conduct proximately caused significant injuries, damages and losses to the Plaintiffs.

## **FOURTH CLAIM FOR RELIEF**
(Breach of Contract – *all Defendants*)

45. Plaintiffs hereby incorporate and makes reference to each and every allegations of paragraphs 1 through 44 of the Complaint as if set forth *in extenso*.

46. At all times relevant, the Plaintiffs and the Defendant mutually agree to engage in a relationship wherein the Plaintiffs would be compensated by the Defendant for providing law enforcement services at Pikes Peak Community College.

47. The Defendant agreed to pay Plaintiffs their full hourly wages for all hours they worked as law enforcement officers for Pikes Peak Community College.

48. The Defendant breached its contract with Plaintiffs when the Defendant failed to pay Plaintiffs their full wages for all services Plaintiffs performed as law enforcement officers for Pikes Peak Community College.

49. Defendants' conduct proximately caused significant injuries, damages and losses to the Plaintiffs.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in his favor and against the Defendants and grant:

(a) Appropriate declaratory and/or equitable relief;

(b) Payment of all unpaid compensation including overtime and back benefits;

(c) In addition, Plaintiffs request liquidated damages equal to of all unpaid compensation including overtime and back benefits as set forth more fully under 29 U.S.C. § 201 *et seq*;

(d) Attorney's fees and the costs associated with this action;

(e) Pre- and post-judgment interest at the lawful rate;

(f) Any further relief that this court deems just and proper, and any other relief as allowed by law.

**PLAINTIFFS REQUEST A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 23rd day of September, 2014.

/s/ Reid J. Elkus
Reid J. Elkus
Scott McLeod
Attorneys for Plaintiffs
ELKUS SISSON & ROSENSTEIN, P.C.
501 South Cherry Street, Suite 920
Denver, Colorado 80246
(303)567-7981
relkus@elkusandsisson.com