IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  14-cv-02820-LTB

MIKE BARNETT,
MIKE PETERSON,
RICHARD KLATASKA,
JOSEPH RAYMOND, and
DANIEL ZUKOWSKER,

        Plaintiffs,

v.

PIKES PEAK COMMUNITY COLLEGE POLICE DEPARTMENT,
DEPARTMENT OF PERSONNEL AND ADMINISTRATION,
KATHY NESBITT, in her Official Capacity,

        Defendants.

_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

      This matter is before me on a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) filed by

Defendants Pikes Peak Community College Police Department, the Colorado Department of

Personnel and Administration, and Kathy Nesbitt, in her Official Capacity as Executive Director

of the Department. [**Doc #10**]  Plaintiffs, Mike Barnett, Mike Peterson, Richard Klataska, Joseph

Raymond, and Daniel Zukowsker, oppose this motion.  Oral arguments would not materially

assist me in my determination.  After consideration of the parties' briefs and applicable legal

authority, and for the reason stated, I GRANT the motion and I DISMISS Plaintiffs' complaint.

## I. BACKGROUND

      Plaintiffs are current or former law enforcement officers with the Pikes Peak Community

College Police Department.  Plaintiffs filed this lawsuit in the District Court for the City and

County of Denver in September of 2014.  Their complaint alleges that they were not fully
compensated for all the hours that they were required to work.  As such, Plaintiffs brought the
following claims:  (1) failure-to-pay violations of the Fair Labor Standards Act 29 U.S.C. §201,
*et seq.* (the "FLSA") against all Defendants; (2) retaliation against Plaintiff Michael Peterson, in
violation of  29 U.S.C. §215 of the FLSA, by Defendant Pikes Peak Community College Police
Department; (3) violation of the Fourteenth Amendment's due process clause against all
Defendants pursuant to 42 U.S.C. §1983; and (4) breach of contract, under Colorado state law,
against all Defendants. [Doc #1-5]  Thereafter, on October 16, 2014, Defendants filed a Notice
of Removal based on original federal question jurisdiction pursuant to 28 U.S.C. §1331 and
supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).  Defendants now file this motion
seeking dismissal of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

As an initial matter, I note that the applicability of sovereign immunity to bar a lawsuit,
as asserted here by Defendants, is usually analyzed for dismissal under Fed. R. Civ. P. 12(b)(1)
for lack of subject matter jurisdiction.  *See Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S.
299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990); *Neiberger v. Hawkins*, 70 F.Supp.2d 1177,
1181 (D. Colo. 1999)(treating the defendant's motion to dismiss based on sovereign immunity,
after removal to federal court, as a motion for lack of subject matter jurisdiction pursuant to Rule
12(b)(1)).  Defendants here are challenging the legal cognizability of the claims raised in
Plaintiffs' complaint, under sovereign immunity and, as such, are essentially making a facial
attack on the complaint.  *See Holt v. U.S.,* 46 F.3d 1000, 1002 (10th Cir. 1995)(noting that a
facial attack questions the sufficiency of the complaint's allegations and when reviewing a facial

attack on the complaint, a district court must accept the allegations in the complaint as true).

Defendants maintain, however, that because they have invoked this Court's jurisdiction upon removal, and thus have waived their immunity *from suit* in federal court as discussed below, they assert their sovereign immunity *to liability* under Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) which provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the allegations within the four corners of the complaint after assuming all well-pled facts, as opposed to conclusory allegations, are true.  *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006).

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "[P]lausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then [Plaintiffs] have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) (*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).  "[I]n examining a complaint under Rule 12(b)(6), we . . . disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.*  A pleading that offers "labels and conclusions" or a formulaic recitation of the elements of a cause of action will not do; nor does the complaint suffice if it tenders "naked assertion[s]" that are devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 555, 557.

3

## II. FLSA CLAIMS

In their motion, Defendants seek dismissal of the claims raised against them on the basis that they are entitled to sovereign immunity, which bars suits against a state brought by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 21, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *see also* U.S. Const. Amend. XI. Defendants assert, and Plaintiffs do not dispute, that they are state actors or arms of the state of Colorado generally entitled to sovereign immunity. Plaintiffs argue, however, that Defendants have waived their immunity to FLSA claims by removing this case to federal court, together with their consent to be subjected to the FLSA in their regulations and the policies adopted by Defendant Pikes Peak Community College Police Department. *See College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999)(recognizing that an individual may sue a state where the state has waived its sovereign immunity).

There are two types of sovereign immunity which may be available to a State. *Trant v. Oklahoma*, 754 F.3d 1158, 1172 (10th Cir. 2014). The doctrines are generally described as: 1) immunity from suit in federal court (often called Eleventh Amendment immunity); and 2) immunity from liability (sometimes referred to as "common-law sovereign immunity"). *See Bruehl v. Oklahoma, ex rel. Oklahoma Indigent Defense System,* 2014 WL 2879744 (W.D. Okla. 2014)(slip copy)(*citing Trant v. Oklahoma*, *supra*).

Immunity from suit in federal court is not at issue here because Defendants' removal of the case to this court effects a waiver of its Eleventh Amendment immunity. *Lapides v. Bd. of Regents of Univ. Sys. of Geo*, 535 U.S. 613, 624, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). Rather, the question at issue here is whether "immunity from liability" or "common law

4

sovereign immunity" bars Plaintiffs' claims.  *See Bruehl v. Oklahoma, supra* (ruling that a state enjoys immunity from liability "that it may invoke even after agreeing to removal")(*citing Trant v. Oklahoma*, *supra*, and *Alden v. Maine,* 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999)).

States may choose to waive their immunity.  *Sossamon v. Texas*, __ U.S. __ , 131 S.Ct. 1651, 1654, 179 L.Ed.2d 700 (2011)(citations omitted); *see also College Savings Bank v. Florida Prepaid Postsecondary Education, supra*, 527 U.S. at 670.   However, the State's consent to suit must be "unequivocally expressed" in the relevant statute's text and a waiver will be strictly construed, in terms of its scope, in favor of the sovereign.  *Id.* (*quoting Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Lane v. Peña*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996)).  A waiver will be found only where stated by the most express language or by the overwhelming implications of such language where there is no room for any other reasonable construction.  *Edelman v. Jordan,* 415 U.S. 651, 693, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Plaintiffs assert that Defendants have waived their immunity from liability under the FLSA.  In support of this argument, Plaintiffs refer me to the State Personal Board Rules which provides that with regard to overtime compensation, "[a]ll employees are covered by the Fair Labor Standards Act (FLSA)" and "[e]mployees cannot waive their rights under FLSA."  *See* 4 CO ADC 801-1:3 (4 CCR 801-1:3).  Plaintiffs also rely on policies promulgated by the Colorado State Department of Personnel and Administration, as well as the Final Agency Action issued by the Department denying Plaintiffs' underlying administrative action, which provide generally that the FLSA applies to state employees.

While the State of Colorado may have agreed to be bound to some of the substantive requirements of the FLSA, Plaintiffs have not provided legal authority indicating that the State of Colorado has explicitly waived their immunity to liability.  *See Sossamon v. Texas*, *supra*, 131 S.Ct. at 1654 (ruling that a State's consent to suit must be "unequivocally expressed" in the relevant statute's text).  Instead, I agree with Defendants that these regulations and policies only reveal its intent to comply with the FLSA's substantive provisions, and a willingness to allow the United States Department of Labor to enforce its noncompliance.  *See Employees of Dept. of Public Health and Welfare, Missouri v. Department of Public Health and Welfare, Missouri*, 411 U.S. 279, 286, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973)(ruling that private enforcement is not a paramount objective of the FLSA which provides state employees relief through the Secretary of Labor); *see also Alden v. Maine, supra*, 527 U.S. at 759 (finding that Congress may prescribe substantive rules under the FLSA that states must follow, but refusing to find a waiver of sovereign immunity in the statute or by express consent); *Williams v. Oklahoma Dep't of Human Servs.*, 122 F. App'x 958, 959 (10th Cir. 2004)(unpublished).  Thus, I conclude that Plaintiffs have not stated FLSA claims upon which relief can be granted in that Defendants have not consented to or waived their sovereign immunity from liability.  *See Alden v. Maine*, *supra*, 527 U.S. at 742-43 (holding that a suit by probation officers against the State of Maine in state court to recover overtime pay, attorneys' fees, and liquidated damages pursuant to the FLSA was barred because Maine had not waived its sovereign immunity with respect to the FLSA).

        To the extent that Plaintiffs argue that sovereign immunity does not apply to bar their request for equitable/non-monetary relief, I disagree.  Although a request for future injunctive relief against an "official capacity [d]efendant" can constitute an exception to

sovereign immunity under the *Ex parte Young* doctrine, *see Neiberger v. Hawkins*, *supra*, 70 F.Supp.2d at 1181, the thrust of the relief sought in the complaint is recourse for alleged past violations of the law; Plaintiff's sole request for "[a]ppropriate declaratory and/or equitable relief" does not seek, with sufficient specificity, any prospective injunctive relief or future remedy.  *See Pennhurst State Sch. & Hosp. v. Halderman, supra,* 465 U.S. at 103 (noting that "federal court[s] may award an injunction that governs [a state] official's future conduct, but not one that awards retroactive monetary relief"); *Bragg v. Office of the Dist. Atty., Thirteenth Judicial Dist.,* 704 F.Supp.2d 1032, 1068 (D.Colo. 2009)(citations omitted)(noting that the *Ex parte Young* exception only applies in cases when a plaintiff seeks only declaratory and/or injunctive relief and has alleged an ongoing violation of federal law by state officials acting in their official capacities).  Furthermore, Courts have uniformly held that the right to bring an action for injunctive relief under the FLSA rests exclusively with the United States Secretary of Labor pursuant to 29 U.S.C. §217 & §211(a).  *United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc.*, 207 F.3d 1193, 1197-98 (10th Cir. 2000)(citations omitted); *see also New York State Court Clerks Ass'n v. Unified Court System of the State of New York,* 25 F.Supp.3d 459 (S.D.N.Y. 2014)(applying in the context of sovereign immunity).

Therefore, I conclude that Defendants – as actors or arms of the State – have not waived sovereign immunity as to liability under the FLSA.  As such, Plaintiffs' First Claim for Relief (for failure to pay for all hours worked and in paying overtime earned under the FLSA) and their Second Claim for Relief (for retaliation against Plaintiff Peterson for complaining of FLSA violations) are not cognizable and must be dismissed.

## IV. SECTION 1983 CLAIM

Defendants also seek dismissal of Plaintiffs' 42 U.S.C. §1983 claim.  To state a valid claim under §1983, a plaintiff must allege: (1) the violation of a constitutional or federal statutory right; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

In their complaint, Plaintiffs claim that Defendants violated their right to due process, under the Fourteenth Amendment, by depriving them of their constitutionally protected property interest in the terms of their employment.  In addition, Plaintiffs assert that "under the FLSA, an employer must pay an employee for all hours worked" and, as such, "Plaintiffs' property interest is also derived from federal law that requires an employer to compensate employees for all hours worked." [Doc #1-5, ¶40]   Specifically, Plaintiffs allege that Defendants violated their property interests when they "failed to pay Plaintiffs' past compensation for services they performed" and "unilaterally changed Plaintiffs' hourly wages without due process of law." [Doc #1-5, ¶41]       As a threshold matter, I first note that the state is not a "person" for purposes of §1983 and because Plaintiffs have sued only State entities (including Kathy Nesbitt in her *official* capacity as Executive Director for the Department for Personnel Administration), monetary relief is not available.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Ross v. Bd. of Regents of Univ. of New Mexico*, 599 F.3d 1114,  1116 (10th Cir. 2010).  And, as discussed above, Plaintiff's complaint only seeks remedies in the form of recourse for past actions, primarily in the form of back pay for lost wages or economic benefits, and fails to adequately ask for any specific equitable relief or prospective injunctive relief.

Nonetheless, I agree with Defendants' contention that this claim should be dismissed on the basis that it is preempted by the FLSA. Defendants concede that neither the Supreme Court nor the Tenth Circuit has addressed this specific question, but argue that it is routinely held that when a more specific statutory scheme provides relief, a plaintiff cannot also seek relief under §1983. *See e.g. City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 121, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005)(ruling that the Telecommunications Act's limitation on local zoning authority precludes a §1983 suit buy an individual); *Padilla ex rel. Padilla v. School Dist. No. 1 in City and County of Denver, Colo.*, 233 F.3d 1268, 1273 (10th Cir. 2000)(ruling that the Individuals with Disabilities Education Act provides comprehensive enforcement scheme that precludes a §1983 suit).

To the extent that Plaintiffs are claiming a substantive due process violation – in asserting that "Defendant[s] violated Plaintiffs' property interests when Defendant[s] failed to pay Plaintiffs past compensation for services they performed" – I agree that such claim would be preempted by the FLSA. [Doc #1-5 ¶41] *See Livadas v. Bradshaw*, 512 U.S. 107, 133, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994)(ruling that Congress can foreclose recourse to §1983 "either by express words or by providing a comprehensive alternative enforcement scheme"); *see also Kendall v. City of Chesapeake, Va.*, 174 F.3d 437, 443 (4th Cir. 1999)(concluding that the mechanisms established by the FLSA preclude a §1983 action to enforce FLSA rights); *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997)(ruling that a common law retaliation claim, brought by employee who alleged that he was terminated for claiming unpaid overtime compensation under Kansas law, was precluded by adequate statutory remedy provided by FLSA).

9

To the extent that Plaintiffs assert, in their response to this motion, that they are alleging a violation of *procedural* due process, they have failed to allege any facts related to what or how such process was denied.  The sole relevant allegation in their complaint – that Defendants "violated Plaintiffs' property interest when [they] unilaterally changed Plaintiffs' hourly wages without due process of law" [Doc #1-5 ¶41] – is clearly insufficient, alone, to state a plausible claim for relief for procedural due process.  Plaintiffs have alleged no facts has to how or why they were not "afforded an appropriate level of process."  *See Copelin-Brown v. N.M. State Pers. Office*, 399 F.3d 1248, 1254 (10th Cir. 2005).  Accordingly, based on the foregoing, I conclude that Plaintiffs' claim under 42 U.S.C. §1983 for a violation of due process must be dismissed.

## V.  BREACH OF CONTRACT CLAIM

Plaintiffs' last claim for relief against Defendants is for breach of contract under Colorado law.  As initial matter, I note that Plaintiffs have not addressed Defendants' argument that sovereign immunity applies here to bar their breach of contract claim. *See Hamilton Mfg. Co. v. Trustees of State Colleges in Colo.,* 356 F.2d 599, 601-2 (10th Cir. 1966).

I agree with Defendants' assertion, however, that Plaintiffs' claim is here preempted by the FLSA.  Specifically, Defendants argue that the breach of contract claim raised merely echoes the FLSA claim in that the sole allegation is that Defendants "agreed to pay Plaintiffs their full hourly wages for all hours they worked as law enforcement officers" and then "breached [their] contract with Plaintiffs when [they] failed to pay Plaintiffs their full wages for all service Plaintiffs performed." [Doc #1-5 ¶47 & ¶48]  Based on the rationale stated above, I believe that the FLSA preempts Plaintiffs' breach of contract claim which is clearly just a restatement of their FLSA claims.  *See Chytka v. Wright Tree Service, Inc.*, 925 F.Supp.2d 1147, 1173 (D.Colo.

10

2013)(ruling that a plaintiff's unjust enrichment claim was preempted by the FLSA)(*relying on Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007)(collecting cases demonstrating that the FLSA preempts duplicative state law claims).

Additionally, I again conclude that Plaintiffs' complaint, even when viewed in their favor,  is devoid of any factual support for its claim.  Plaintiffs' complaint merely alleges, without more, an agreement to pay for all hours works, and failure do to so.  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 556 (stating a claim under the Sherman Act's restraint of trade provision requires enough factual matter to suggest that an agreement was made).   Rather, Plaintiffs' allegations here constitute insufficient naked assertions that are plead without any factual support.  *Id.*  Therefore, I conclude Plaintiff's breach of contract claim must be dismissed for failure to state a claim.

## IV. LEAVE TO AMEND

Finally, in their response to this motion Plaintiffs request "leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a) to assert claims against [Defendant] Nesbitt and the Police Chief in their individual capacities relating to their intentional acts to deprive Plaintiffs of their rights under the FLSA and the State's Personnel System for the relief requested in the Complaint." [Doc #15]   Plaintiffs' request – contained in the "WHEREFORE" clause of their response to Defendants' motion to dismiss – is inappropriate and does not invoke or trigger a request to amend.  "Our case law is clear that the proper way to invoke the discretion of the court in requesting leave to amend is to file a motion to amend under Rule 15(a) prior to dismissal or a motion under Rule 59(e) or Rule 60(b) after dismissal."  *Williams v. Oklahoma Dep't of Human*

11

*Servs.*, *supra*, 122 F. App'x at 959 FN. 2 (*citing Calderon v. Kansas Dep't of Soc. and Rehab.*

*Servs.*, 181 F.3d 1180, 1185-86 (10th Cir. 1999); *Glenn v. First Nat. Bank in Gunnison*, 868 F.2d

368, 370-71 (10th Cir. 1989)); *see also* D.C.COLO.L.Civ. 7.1(d).


ACCORDINGLY, I GRANT the Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [**Doc**

**#10**] filed by Defendants and, as such, I DISMISS this action in its entirety, with costs awarded

to Defendants.


Dated: July __14__, 2015 in Denver, Colorado.

BY THE COURT:

____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE